HAROLD R. PFEIFFER, Respondent, v. TRANSPORT LEASING, INC., et al., Appellants.— Appeal by defendants from a judgment of the Supreme Court, entered in Columbia County on March 20, 1952, based upon a jury verdict of $30,000 in favor of plaintiff, and from an order denying defendants' motion to set aside the verdict and for a new trial. The action is in negligence and involved a head-on collision between plaintiff's automobile and a tractor-trailer owned by the corporate defendants and operated by the individual defendant, on a two-strip, straight and level concrete highway about seven o'clock on a very foggy morning. The only eye witnesses were the plaintiff and the defendant Lippert, operator of the tractor-trailer. Confronted with two versions of the cause of the collision, the jury has accepted the plaintiff's version. There is evidence from which the jury could have found that the heavily loaded vehicle of the defendants was proceeding in a heavy fog with only "marker" lights lighted, at a rate of speed of thirty to thirty-five miles per hour, and partially on the wrong side of the road. Plaintiff was proceeding in a westerly direction and the defendants' vehicle was proceeding in an easterly direction. Following the accident both vehicles came to rest off the north side of the road. The defendants lean heavily upon photographs which show tire marks allegedly made by the defendants' vehicle which were off the pavement on the south side of the road. However, it appears that plaintiff's car was dragged a considerable distance locked underneath a portion of defendants' vehicle. There is ample evidence from which the jury could have found that the tracks in question were made after the collision. A clear question of fact as to negligence and contributory negligence is presented by the evidence. Defendants also contend that the verdict of $30,000 is excessive. Plaintiff suffered special damages amounting to approximately $7,000. His injuries were serious and extensive and necessitated lengthy hospitalization and operative care, leaving him with substantial permanent disability. The jury's evaluation of his damages was not excessive. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.